**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Criminal Case No. 12-20499
                                              Civil Case No. 16-13842

ROMAN WHITFIELD,

    Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO VACATE AND
CORRECT SENTENCE AND ORDERING RESENTENCING**

In 2014, Defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). This offense anticipates a maximum sentence of up to 10 years imprisonment; however, Defendant had 3 previous violent felonies or serious drug offense convictions and was subject to the statutorily mandated minimum sentence of 15 years imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Government, however, filed a motion for downward departure based on Defendant's substantial assistance, which this court accepted and sentenced Defendant to 10 years imprisonment with 3 years supervised release. (ECF No. 32.) Defendant filed a notice of appeal but voluntarily dismissed it before the Sixth Circuit ruled on the merits. (ECF No. 30.)

Pending now before the court is Defendant's Motion to Vacate and Correct his sentence under 28 U.S.C. § 2255. (ECF No. 37.) The court noted that this motion would be considered and decided without oral argument. (ECF No. 39.) For the reasons stated below, the court will GRANT Defendant's motion and set the case for resentencing.

## I.  STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As "[§] 2255 is not a substitute for a direct appeal," *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief. *Frady*, 456 U.S. at 166. Consequently, "[t]o prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Though non-constitutional errors are generally outside the scope of § 2255 relief, *see United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson*, 165 F.3d at 488 (internal quotation marks omitted) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

## II.  DISCUSSION

Defendant's primary argument is focused on the effect of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government argues that *Johnson* does not entitle Defendant to relief and argues, in the alternative, that Defendant's motion should be denied because he has procedurally defaulted on his claims. The court will address these arguments in turn.

A. *Johnson* Argument

The Supreme Court held in *Johnson* that the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Defendant argues that post-*Johnson*, (1) his predicate offenses no longer qualify as crimes of violence and (2) he must be resentenced without consideration of an ACCA enhancement. (ECF No. 37, PageID 65.) The Government does offer any disagreement with Defendant's first argument—that he no longer possesses the requisite predicate offenses for an ACCA enhancement to apply—but does take issue with the second argument. The Government contends that even if Defendant's sentence is implicated by *Johnson*, he need not be resentenced because his sentence of 10 years is still within the statutory maximum as provided in 18 U.S.C. § 924(a)(2). (ECF No. 42, PageID 79.) Accordingly, the Government argues that Defendant is not entitled to resentencing because his sentence of 10 years did not exceed the maximum now authorized by law and, therefore, is not unconstitutional, even considering *Johnson*. (*Id.*)

Under the ACCA, "[i]f a defendant has 'three previous convictions . . . for a violent felony or a serious drug offense,' the ACCA imposes a mandatory minimum 15-

3

year sentence." *Perez v. United States*, 885 F.3d 984, 987 (6th Cir. 2018) (citing 18 U.S.C. § 924(e)(1)). Prior to *Johnson*, predicate crimes of violence were those crimes punishable by at least one year of imprisonment and either:

> (i) [H]a[d] as an element the use, attempted use, or threatened use of physical force against the person of another [the elements clause]; or (ii) [was] burglary, arson, or extortion, involves use of explosives [the enumerated-crimes clause], or otherwise involve[d] conduct that presents a serious potential risk of physical injury to another [the residual clause].

*Potter v. United States*, 887 F.3d 785, 787 (6th Cir. 2018) (citing 18 U.S.C. § 924(e)(2)(b)). Following *Johnson*, crimes qualify as predicate crimes of violence only if they satisfy either the elements clause or the enumerated clause.

Defendant's earlier offenses included the following convictions: Delivery of Controlled Substances; Felonious Assault (M.C.L. § 750.82); two Third Degree Fleeing and Eluding (M.C.L. § 750.479a); two Domestic Violence Third (M.C.L. § 768.27b); and Resisting and Obstructing (M.C.L. § 750.479). (ECF No. 37, PageID 64.) While Defendant's prior conviction for Delivery of Controlled Substances and Felonious Assault qualify as predicate offenses, the parties agree none of his other convictions qualify as "crimes of violence" post-*Johnson*. *See Crump v. United States*, No. 17-1821, 2017 WL 6945865, at *1 (6th Cir. Nov. 20, 2017) (explaining that Felonious Assault (M.C.L. § 750.82) is a violent felony under the elements clause); *Garza v. United States*, No. 09-20249, 2014 WL 7334575, at *4 (E.D. Mich. Dec. 19, 2014) (finding that a third-degree fleeing and eluding (M.C.L. § 750.479a) conviction falls within the ACCA's residual clause); *United States v. Gibbs*, 626 F.3d 344, 352 n.6, 355 (6th Cir. 2010) (explaining that ACCA and Guidelines have "essentially the same definitions" and

4

holding that the defendant's conviction for resisting and obstructing an officer is "not categorically a crime of violence" under the Sentencing Guidelines). Thus, based on Sixth Circuit precedent, Defendant no longer has the requisite three predicate offenses to qualify for an ACCA enhancement under 18 U.S.C. § 924.

The Government does not attempt to argue that Defendant has the requisite predicate offenses post-*Johnson* to justify enhancement. Instead, the Government chooses to argue that Defendant has not been prejudiced by his imposed sentence because he *could* still have received a 10-year sentence, even if the ACCA enhancement did not apply. As the Government explains:

> If, for example, the ACCA did not apply to the defendant, the government may very well have pursued drug trafficking charges against him (as charged in the initial complaint) instead of (or in addition to) the charge of felon in possession of a firearm. Had the government done so, Whitfield would have been considered a "career offender" under the Sentencing Guidelines, and his guideline range would have been 151 to 188 months – which is analogous to the 180-month mandatory minimum required by the ACCA.

(ECF No. 42, PageID 80–81.) Such hypotheticals are irrelevant to the *Johnson* discussion; the court cannot ground a decision on charges the Government *could* have pursued against Defendant but must analyze Defendant's actual sentence based on the actual charges brought by the Government. *See Jones v. Jamrog*, 414 F.3d 585, 594, n.6 (6th Cir. 2005) (explaining how the state court committed a structural error by getting "wrapped up in irrelevant hypotheticals," which untimely led to an unreasonable application of law warranting habeas relief). The Government's reasoning sidesteps the constitutional argument. The court will not speculate here as to how the Government *could* have pursued alternate or additional charges against Defendant had the ACCA

5

enhancement not applied. The court's sole obligation—at this stage in the case—is to examine the constitutionality of Defendant's sentence in light of *Johnson*.

At the time the Government filed its brief, it conceded that the only courts to address this issue have held that a defendant who is subject to an ACCA enhancement, but who receives a sentence below 15 years based on substantial cooperation, is entitled to resentencing. However, the Government urges the court to disregard these cases because they are non-binding and should be considered unpersuasive. (ECF No. 42, PageID 81.) The cases identified by the Government are factually very similar to the instant case, as discussed below.

In the first case cited by the Government, *Legault v. United States*, No. 10-00185-01, 2016 WL 1733481, at *1 (W.D. Mo. Apr. 29, 2016), the defendant pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The defendant had at least three prior convictions that triggered an enhancement under ACCA, but the Government moved for downward departure due to substantial assistance by the defendant. *Id.* The defendant's motion for relief claimed that he did not have the requisite prior violent felonies under the ACCA and that his sentence, which was below the statutory mandatory minimum, was due to the downward departure from the ACCA enhancement. *Id.* The court considered this argument and determined that the defendant was entitled to resentencing pursuant to *Johnson*. *Id.* The court was not persuaded by the Government's argument that the defendant's sentence was still valid because it was below the applicable statutory maximum. As the court explained, the Government's argument overlooked the fact that the defendant's

6

sentence was below the statutory maximum only because of a downward departure. *Id.* at *2. The court reasoned that it "should look at what the sentence would have been without the ACCA designation and then factor in the downward departure." *Id.*

In the second case cited by the Government, *Moore v. United States*, No. 3:10-CR-55-TAV-CCS-1, 2016 WL 482030, at *2–3 (E.D. Tenn. Feb. 5, 2016), the defendant was also charged under the ACCA and received a downward departure for substantial assistance. In reviewing the defendant's § 2255 motion to vacate, the court determined that the defendant was entitled to resentencing because he no longer had three predicate offenses post-*Johnson*. The court explained that "[w]ithout ACCA enhancement, the maximum punishment to which Petitioner can lawfully be subjected to is 120 months' incarceration, followed by three years supervised release." The court granted the motion to vacate. *Moore*, 2016 WL 482030, at *3.

Finally, in the third case cited by the Government, *Faircloth v. United States*, No. 2:16-cv-217-FtM-29MRM, 2016 WL 3869852 (M.D. Fla. July 15, 2016), the defendant also received the benefit of a substantial assistance departure that permitted a sentence below the 15-year ACCA enhancement. *Id.* at *1. At sentencing, the court explained that but for the defendant's substantial assistance, he would "looking at a mandatory 15." *Id.* at *2. The defendant did not pursue a direct appeal but later filed a motion to vacate under *Johnson*. *Id.* at *1. The Government conceded that the defendant no longer qualified for the ACCA enhancement post-*Johnson*, and the court granted the defendant's § 2255 motion to vacate and ordered the defendant to be resentenced. *Id.* at *1–*2.

7

In addition to the nonbinding cases of *Legault*, *Moore*, and *Faircloth*, the Sixth Circuit recently addressed a case factually similar, although not identical, to the instant matter. In *Reese v. United States*, 727 F. App'x 149 (6th Cir. 2018), the defendant qualified for the 15-year ACCA enhancement but received a sentence of 11 years based on a downward departure for substantial assistance. *Reese*, 727 F. App'x at 150. The defendant later filed a § 2255 motion under *Johnson*. The Sixth Circuit ruled that he no longer possessed the requisite predicate offenses and ordered the defendant to be resentenced. Although the defendant in *Reese* did not receive a sentence within the statutory limit, like Defendant in this case, *Reese* indicates that resentencing is appropriate when a defendant's predicate offenses no longer qualify as crimes of violence post-*Johnson*.

The cases cited by the Government all involve defendants who originally qualified for the 15-year ACCA enhancement but received a sentence of fewer than 15 years due to substantial cooperation. This case most closely resembles *Faircloth* because at sentencing, both this court and the *Faircloth* court admonished the defendants that, but for the 5K1.1 departure motion, their sentences would be "noticeably greater" than the 15-year statutory minimum. (ECF No. 45, PageID 126.) In this case, the court's sentencing colloquy demonstrates that in calculating Defendant's sentence the 15-year mandatory minimum imposed by the ACCA was the anchor. Even though Defendant's sentence of 10 years is within the applicable statutory limits, the court agrees with the other district courts to address this issue that resentencing is needed because *Johnson* changed the starting point for calculating Defendant's

8

sentence. This is not to say that a sentence of 10 years is inappropriate or unavailable here; the fact that the court could properly re-impose a 10-year sentence is simply of no consequence. But, because Defendant no longer has the requisite three predicate offenses under 18 U.S.C. § 924, his sentence must be recalculated.

1. *Procedural Default Argument*

The Government further argues that Defendant's § 2255 motion should be denied because he procedurally defaulted by failing to pursue a direct appeal. (ECF No. 42, PageID 84.) Habeas petitioners must show "actual prejudice" and cause to overcome the bar of procedural default that applies when they fail to pursue a claim on direct appeal. *Jones v. Bell*, 801 F.3d 556, 563 (6th Cir. 2015). Cause is shown when "some objective factor external to the defense" prevented the defendant from raising the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Claims that were "not reasonably available to counsel" at the time of the appeal are external, and therefore qualify as cause for the procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Prejudice requires that the alleged error worked to Defendant's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis omitted).

The Government argues that Defendant has not established cause for failing to pursue his *Johnson* claim on direct appeal because "[t]he fact that case law at the time was adverse to the defendant's position does not mean that the argument was 'unavailable' to him." (ECF No. 42, PageID 86.) Recent Sixth Circuit precedent runs contrary to the Government's assertion. In *Raines v. United States*, 898 F.3d 680 (6th

9

Cir. 2018), the Sixth Circuit concluded the defendant "had cause for failing to raise his *Johnson* claim on direct appeal" because *Johnson* "was not decided until" after the defendant's direct appeal. *Raines*, 898 F.3d at 687. Moreover, as the court explained in *United States v. Fugate*, No. 3:09-cr-165, 2017 WL 3948456 (S.D. Ohio Sept. 7, 2017), "[g]iven that the Supreme Court had already ruled that the ACCA's residual clause was not void for vagueness, [the defendant] cannot be penalized for failing to raise this claim on direct appeal." *Id.* at *8. A defendant should not be faulted for failing to raise an argument on direct appeal that runs "contrary to established Supreme Court precedent" because such conduct "could be viewed as sanctionable." *Fugate*, No. 3:09-165, at * 8. The Sixth Circuit confirmed in *Raines* that a defendant should not be penalized for failing to raise a *Johnson* argument on direct appeal at a time that such an argument would cut against clearly established law. Defendant's time for direct appeal predated *Johnson*; therefore, he had sufficient cause for failing to previously raise his *Johnson* claim.

The Government next argues that Defendant has not shown that he was actually prejudiced because any possible prejudice would be non-constitutional and too speculative to excuse his procedural default. (ECF No. 42, PageID 87–88.) In response, Defendant argues that there is far more than a speculative possibility that his sentence would have been lower but for the ACCA enhancement.

Absent the ACCA enhancement, the maximum sentence an offender may receive for a violation under 18 U.S.C § 922 is 10 years. 18 U.S.C § 924(a)(2). An offender qualifying for an ACCA enhancement faces a mandatory minimum of 15 years.

10

Thus, the disparity in Defendant's possible sentencing range turns on an issue of statutory law, not simply an issue of mistaken Guideline calculations. Defendant additionally argues that allowing his current sentence to stand would effectively deprive him of the benefit of his cooperation because the 15-year mandatory minimum was the starting point of plea negotiations and the baseline for calculating departure for substantial assistance under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. (ECF No. 44, PageID 102.)  The court need not agree with Defendant's argument in order to resolve this Petition.

It cannot be disputed, though, that had it not been for the ACCA enhancement, and ignoring for the moment Defendant's several other offenses that went unpursued, the starting point of Defendant's sentencing would have been lower. As earlier explained, the court cannot here consider the possible charges the Government *could* have brought against Defendant but rather must analyze Defendant's sentence based on the charge he actually faced. The court is not persuaded by the Government's argument that, because the court could newly impose a 10-year sentence, Defendant would not be prejudiced if the existing sentence were allowed to stand. A defendant need not argue that the court will impose a different sentence *if* the defendant is granted habeas relief to prove that he suffered actual prejudice at the time of his original sentencing.

Defendant has demonstrated that the statutory maximum for his offense, and not the ACCA enhancement, should have served as the starting point for calculating his existing sentence. This issue extends beyond a simple miscalculation of the applicable

Guideline range. It involves the incorrect application of law, and is sufficient to establish that Defendant suffered actual prejudice.

## IV. CONCLUSION

Defendant no longer possesses the predicate offenses for an ACCA enhancement, and he has demonstrated sufficient cause and actual prejudice for failing to pursue his claims on direct appeal. He must be resentenced in accordance with *Johnson*. Accordingly,

IT IS ORDERED that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 37) is GRANTED. The court will resentence Defendant at a date to be scheduled, preceded by sentencing briefs and a report from the Probation Department as to Defendant's history in custody to date.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 8, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Habeas\12-20499.WHITFIELD.grant.2255.HEK.RHC.3.docx